

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00135-CV

**CHAD GLASSHOFF,**

                                                            **Appellant**

 **v.**

**JOHN WESLEY VAUGHN,**

                                                            **Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 15-000812-CV-272

## MEMORANDUM OPINION

Chad Glasshoff appeals from a judgment rendered against him for damages, mental anguish, and attorney's fees for torts committed against John Vaughn over the course of many years.  In eleven issues, Glasshoff complains that:  (1) the trial court abused its discretion by proceeding to trial despite a stay order being in place; (2) abused its discretion by imposing "death-penalty" sanctions against him for failure to answer discovery; (3) erred by awarding damages for shooting a dog that was barred by the

statute of limitations; that the evidence was legally and factually insufficient to support an award for (4) assault, (5) stalking, (6) negligence, and (7) gross negligence; (8) that the amount of damages awarded was excessive pursuant to the evidence presented; (9) erred by the award of damages for physical pain and mental anguish; (10) erred in the date set forth to begin pre-judgment interest; and (11) erred in awarding attorney's fees for which there was no legal basis. Because we find that the trial court erred by commencing the trial in violation of the stay order without proper or adequate notice that it had been reinstated, we reverse the judgment of the trial court and remand for a new trial.

## STAY OF PROCEEDINGS

In his first issue, Glasshoff complains that the trial court erred by conducting the trial because an order had been previously entered staying the proceedings until the conclusion of Vaughn's pending criminal trial. Vaughn was awaiting trial after having been indicted for shooting Glasshoff during one of their confrontations in 2014. This proceeding commenced when Glasshoff filed suit against Vaughn for damages in 2015. Vaughn filed a counterclaim for various torts in January of 2016. The case was set and passed by the agreement of the parties several times due to the pending criminal case. In September of 2016, counsel for Glasshoff filed a motion to withdraw as counsel which was set for hearing on October 21, 2016. The motion to withdraw stated that the proceedings had been stayed due to the pendency of the criminal case and did not identify any pending settings or deadlines of the trial or discovery due to the stay.

On October 6, 2016, a setting notice was issued by the trial court that indicated that the motion to withdraw was set for October 21, 2016, and also included settings for a docket call and a jury trial in November of 2016. The trial court conducted a hearing on the motion to withdraw, granted the motion, and entered an order granting the motion to withdraw on October 21, 2016. Counsel for Vaughn was present at that hearing as was Glasshoff. The order granting the motion to withdraw contained a stay of the proceedings, stating in relevant part: "The current deadlines and settings are stayed due to Defendant's pending criminal matter." No further setting notices were issued and no further orders were rendered by the trial court prior to November 26, 2016, which was the jury trial date according to the October 6 notice.

On November 26, 2016, Vaughn and his counsel appeared but Glasshoff did not appear even though the record indicates that he had been in contact with someone from the trial court's office the day before the setting. Counsel for Vaughn made a motion to withdraw his jury demand and for the trial court to grant a default judgment against Glasshoff and in favor of Vaughn. Vaughn and Vaughn's wife testified and the trial court was about to render a verdict when Glasshoff arrived, over an hour after the scheduled start time. Glasshoff challenged the trial court's actions because of the stay that he contended was in effect. Counsel for Vaughn denied that a stay was in effect. The trial court found the language granting the stay in the order granting the motion to withdraw. Counsel for Vaughn argued that the inclusion was a clerical error and that the stay should

not have been in the order. The trial court agreed with counsel for Vaughn but did recess the trial to give Glasshoff time to hire counsel. Glasshoff asked the trial court to continue the trial until after the criminal case, which was denied. Continuation of the trial was set for January 6, 2017. Glasshoff was unable to retain counsel in the middle of trial and proceeded *pro se* on January 6, and ultimately the trial court granted all of Vaughn's requested relief and denied all of Glasshoff's claims.

Glasshoff complains that the trial of the civil proceedings was erroneous because of the stay that had been ordered by the trial court. A trial court has the inherent power to control the disposition of cases "with economy of time and effort for itself, for counsel, and for litigants." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam). However, while the trial court has broad discretion in handling the cases that come before it, that discretion is not unfettered. *Porras v. Jefferson*, 409 S.W.3d 804, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.). While the trial court was not required to stay the proceedings due to the pending criminal case, the trial court did in fact sign an order that granted such a stay. Once the stay order was rendered, Glasshoff was entitled to rely on that order of the trial court in the absence of a notice of reinstatement, a subsequent setting notice being issued by the trial court, or some other form of proper notice being provided of a trial after the entry of the stay order on October 21. The setting in January of 2017 was not a new setting, but was a continuation of the prior trial. The record establishes that the trial court considered the evidence presented by Vaughn and his wife

from the day of trial in November in its judgment, and Vaughn relies on that evidence in his brief to this Court in this appeal.

We find that the trial court's proceedings had been stayed by the quoted language contained within the order granting the motion to withdraw as counsel. Because of this, Glasshoff was entitled to notice issued after the order of October 21 that the trial court intended to proceed to trial. No notice was given. The trial court should not have commenced the trial due to the stay previously ordered which remained in force. Therefore, we sustain Glasshoff's first issue, and reverse the judgment of the trial court in its entirety. Because we have sustained Glasshoff's first issue, it is not necessary to address Glasshoff's other issues that all stem from alleged errors that occurred during the improperly-held trial.

**CONCLUSION**

Having found that the trial court erred by conducting the trial in violation of the stay order, we reverse the judgment of the trial court and remand this proceeding for a new trial.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed December 12, 2018
[CV06]

